UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMMANUEL ROLLY MISOLA HEBRON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., <br><br> Defendants. | Case No. C21-405RSM <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This case comes before the Court on Motions for Summary Judgment filed by the parties. Dkts. #27 and #28. The Court has determined that it can rule without the need of oral argument. For the following reasons, the Court GRANTS Defendants' Cross Motion and dismisses all of Plaintiffs' claims.

## II.   BACKGROUND[1]

PT Lion Mentari Airlines, d/b/a Lion Air, has employed Emmanuel Rolly Misola Hebron since 2009 at a Seattle Liaison Office contained within The Boeing Company's campus in Washington State.

---

[1] The parties and the Court primarily rely on the certified administrative record for Mr. Hebron ("CAR"), Dkt. #16-1 through #16-5.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

Lion Air has a multi-year contract with Boeing for the delivery of over 400 aircraft. CAR 0525. Boeing provides two offices for Lion Air at the Boeing plant in Renton, Washington, as well as a third office at Boeing Field in Seattle "to facilitate the inspection and delivery of the aircraft." CAR 0150.

In 2008, Lion Air filed a petition for an L-1A visa to send Mr. Hebron to its office at Boeing's Renton facility, and USCIS approved it in January 2009. *See* CAR 0022. In so doing, USCIS had to find that Lion Air met the requirement of "doing business" in the United States. *See* 8 C.F.R. § 214.2(1)(1)(ii)(H). Extensions to his L-1A status were granted by USCIS in 2011 and 2013. CAR 01018-0021.

In February of 2014, after a site visit, Ron Thomas, Chief of the USCIS Threat Division, considered issuing a Notice of Intent to Revoke Mr. Hebron's L-1A petition. *See, e.g.*, CAR 0151. Mr. Thomas questioned whether Lion Air was "doing business" in Washington, because Lion Air had not registered with the Washington Secretary of State. *Id*. Lion Air challenged this in writing, arguing that Washington law did not require Lion Air to register to maintain its Liaison Office and that Washington's requirement for foreign corporations to register to do business was different from the definition of "doing business" in the L-1A regulations. *Id*. USCIS legal counsel reviewed the issue, agreed with Lion Air, and determined that Mr. Hebron's L-1A petition was properly approved. *Id*.

A manager or executive generally may not stay in L-1A nonimmigrant status for more than seven-years. 8 C.F.R. § 214.2(l)(12). Determining that Mr. Hebron's ongoing employment in Renton was essential, Lion Air planned to continue employing Mr. Hebron as a manager in the United States for the duration of its contract with Boeing. CAR 0013.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

On September 4, 2015, Lion Air filed an I-140 petition with USCIS, seeking a more permanent EB-1(C) visa for Mr. Hebron. CAR 870-875. USCIS issued a Notice of Intent to Deny on December 22, 2017, providing Lion Air an opportunity to submit additional materials. CAR 503-506. Lion Air responded, and USCIS issued a second Notice of Intent to Deny on July 25, 2018, noting specifically that "while the L-1 nonimmigrant visa regulations allow for a branch office to petition for an intracompany transferee manager or executive, the regulations relating to the immigrant visa category for multinational executive and managers do not provide for a foreign branch office as a petitioner." CAR 310-312. Instead, "the petitioner must be a "U.S. citizen, corporation, partnership, or other legal entity to file an immigrant petition under [the EB-1(C)] category." *Id*. Lion Air provided additional legal arguments, but the District Director denied the petition on February 13, 2019, determining again that neither Lion Air nor its unincorporated Seattle branch office were qualified to be the petitioner. CAR 302-305.

Lion Air appealed the District Director's Denial to the Administrative Appeals Office ("AAO") within USCIS. CAR 214-219. On September 20, 2019, after conducting a *de novo* review of the record, the AAO upheld the denial, finding again that Lion Air did not have standing to be the petitioner. CAR 205-209. The AAO also determined Lion Air had not established that Mr. Hebron would be employed in the United States in a managerial capacity, finding insufficient evidence that the job description provided by Lion Air showed that Hebron's daily duties constituted management of an essential function for Lion Air as opposed to merely performing the duties himself. CAR 205-209. Lion Air subsequently filed a motion for reconsideration with the agency. CAR 183-188.

On February 1, 2021, the AAO denied the motion for reconsideration, determining that Lion Air had failed to establish that Mr. Hebron's position in the United States qualified as a

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 3

manager or executive and that the company had failed to substantiate its ability to pay the proffered wage for Hebron's position in the United States. CAR 172-178.  The AAO reserved the issues of whether Lion Air established that it is qualified to be the petitioner for the I-140 petition and whether it was doing business in the United States. *Id*.

On March 25, 2021, Plaintiffs brought this action alleging Defendants violated the Administrative Procedure Act ("APA").  Dkt. #1.  Mr. Hebron's spouse and adult child are the other named Plaintiffs and derivative beneficiaries of Lion Air's I-140 petition filed on Mr. Hebron's behalf.

### III.   DISCUSSION

**A. Legal Standard**

The APA provides for judicial review of final agency decisions. 5 U.S.C. §§ 702, 706.  Courts routinely resolve APA challenges to an agency's administrative decision by summary judgment. *Nw. Motorcycle Ass'n v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1481 (9th Cir. 1994).  However, in cases involving review of a final agency action under the APA, courts do not utilize the standard analysis under Fed. R. Civ. P. 56 for determining whether a genuine issue of material fact exists "because of the limited role of a court in reviewing the administrative record." *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 89 (D.D.C. 2006) (citations omitted); *see also Occidental Engineering Co. v. Immigration & Naturalization Service*, 753 F.2d 766, 769-70 (9th Cir. 1985). (The Court "is not required to resolve any facts in a review of an administrative proceeding").  Rather, summary judgment serves as the mechanism for deciding, as a matter of law, whether agency action is supported by the administrative record and otherwise consistent with the APA standard of review. *Sierra Club*, 459 F. Supp. 2d at 90 (citations omitted).

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 4

The APA provides that a court "shall. . . hold unlawful and set aside agency action. . . found to be. . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). To satisfy this standard, an agency must "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125, 195 L. Ed. 2d 382 (2016) (quoting *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983)). A court may remand an agency decision as arbitrary or capricious if the agency relied on factors Congress did not intend for it to consider, entirely failed to consider an important aspect of the case, offered an explanation that ran counter to the evidence before the agency, or offered an explanation that was so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *See, e.g., Friends of Santa Clara River v. U.S. Army Corps of Eng'rs*, 887 F.3d 906, 920-21 (9th Cir. 2018). "[I]f an agency relies on two grounds for a decision, a court may sustain it if one is valid and if the agency would clearly have acted on that ground even if the other were unavailable." *Syracuse Peace Council v. FCC*, 867 F.2d 654, 657, 276 U.S. App. D.C. 38 (D.C. Cir. 1989). However, because "a reviewing court. . . must judge the propriety of [agency] action solely by the grounds invoked by the agency," post hoc explanations that the agency did not articulate when it acted are insufficient. *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

**B. Analysis**

Congress authorizes USCIS to admit foreign workers seeking managerial or executive occupations into the United States, and the agency exercises this authority under two different provisions of the Immigration and Nationality Act: one to admit temporary workers in L-1A

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 5

status, 8 U.S.C. §§ 1101(a)(15)(L), 1184(c)(1), (c)(2)(D)(i), 8 C.F.R. § 214.2(l); and a separate provision to admit permanent workers under the EB-1(C) category, 8 U.S.C. § 1153(b)(1)(C), 8 C.F.R. § 204.5(j). The regulations distinguish who can file petitions for each classification. For the L-1A category, a "qualifying organization" may file a petition, which can be a "United States or foreign firm, corporation, or other legal entity" that meets certain tests. 8 C.F.R. § 214.2(l)(1)(ii)(G). Meanwhile, only a "United States employer" can file a petition to admit a permanent worker in the EB-1(C) category. 8 C.F.R. § 204.5(c), (j)(1).

USCIS identified multiple independent grounds to deny Lion Air's I-140 petition for Mr. Hebron: (1) the company is not a "United States employer" under 8 C.F.R. § 204.5(j)(1); (2) the company failed to substantiate its ability to pay the proffered wage for Hebron's position in the United States; and, (3) the company failed to establish that Hebron's position in the United States qualified as a "manager or executive" in accordance with the applicable statute and regulations. To prevail in this case, Defendants only need to show that one of these grounds for denial was sufficient under the APA. *See Indiana Municipal Power Agency v. FERC*, 56 F.3d 247, 256 (D.C. Cir. 1995) (explaining that an agency decision resting on many independent grounds can be sustained if any of those grounds is valid if there is no reason to find that the combined force of otherwise independent grounds influenced the decision).

As an initial matter, the Court agrees with Defendants that USCIS's prior approval of Mr. Hebron's L-1A status does not alone make its subsequent denial of the EB-1(C) petition arbitrary and capricious. These statuses have different requirements and result in different outcomes for the applicant.

Defendants denied Lion Air's Form I-140 in part because the company "was not competent" and lacked "standing" to seek EB-1(C) immigrant classification because it was not

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 6

a "United States employer." *See, e.g.*, CAR 176, 206; *see also* 8 C.F.R. § 204.5(j)(1). This conclusion has a satisfactory explanation, was not arbitrary or capricious, and was based on substantial evidence. USCIS's determination that Mr. Hebron's petitioner was his foreign employer, headquartered in Indonesia and not registered to do business in the United States, was reasonable. *See* CAR 208. The record indicates that Lion Air's Seattle branch office was not incorporated under U.S. law, did not file U.S. tax returns, did not possess a Federal Employer Identification Number, and did not withhold a portion of payments made to Mr. Hebron for U.S. tax purposes. CAR 303; *see also* CAR 870 (Form I-140, failing to provide an IRS tax number); CAR 1264, 1271 (showing that Hebron claims self-employment tax deduction for payments received). On these bases, the Director concluded that Lion Air (or its Seattle branch office) was ineligible to act as the petitioner for EB-1(C) classification. CAR 303.

Both parties have acknowledged that the term "United States employer" is not defined for purposes of the EB-1(C) classification. The Court agrees with USCIS that the plain language interpretation of the term "United States employer" indicates that the employer must be located in the United States. A United States employer is not the same thing as a foreign employer doing business in the United States. The use of this term elsewhere in 8 C.F.R. § 204.5 for other employment-based visa petitions and the regulatory history support USCIS's interpretation of this term. *See* Dkt. #28 at 12–14.

Mr. Hebron argues that this issue is not properly before the Court because USCIS did not rely on this issue in its final decision. Dkt. #31 at 3 (citing *Securities & Exchange Comm'n. v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (a reviewing court must "confin[e] [its] review to a judgment upon the validity of the grounds upon which the [agency] itself based its action.").

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 7

Here, everyone agrees that the final decision was the AAO's denial of Lion Air's motion for reconsideration. CAR 0172-0178. In its final decision, the Agency said it "reserved" the issue of whether it could properly conclude that Lion Air was not a "United States employer" under the regulation (C.F.R. § 204.5(c)). *Id*. at 0176. Later in the opinion, the AAO states "the Petitioner here has not established that it is a prospective US employer." *See* CAR at 0176-0177. USCIS argues that, "nothing in the record suggests that the AAO had abandoned its position (or its contemporaneous explanation)," and that "[a] motion for reconsideration is not a de novo review of the AAO's earlier order." Dkt. #32 at 7.

The reviewing court "evaluat[es] the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) (citations omitted). The court should not "supply a reasoned basis for the agency's action that the agency itself has not given," but can "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Motor Vehicles Mfrs. Ass'n,* 463 U.S. at 43 (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286 (1974)).

Given the above standards, the Court finds that the AAO's denial of Lion Air's motion for reconsideration inherently adopted its prior finding that Lion Air did not have standing to be the petitioner, CAR 205-209. Such was incorporated into the final decision. The Court, reviewing that decision, finds that this was a sufficient basis for denying Mr. Hebron's petition.

Having found that USCIS had at least one basis to deny the petition that was based on the facts, not arbitrary or capricious, and not an abuse of discretion, the Court finds that it need not examine the other bases. The Court will accordingly grant Defendants' Cross-motion for Summary Judgment and deny Plaintiffs' Motion.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 8

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Cross-Motion for Summary Judgment, Dkt #28, is GRANTED. Plaintiffs' Motion, Dkt. #27, is DENIED. All of Plaintiffs' claims are DISMISSED. This case is CLOSED.

DATED this 18th day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE